Turley J.,
delivered the opinion of the court.
Harrison Bennett was indicted and convicted in the circuit court of DeKalb county, at the April term thereof, A. D. 1846, and he appeals to this court and asks that the judgment rendered against him be reversed; and several causes are now assigned therefor—
1st. It is said there is no record evidence that the bill of indictment was ever returned by the grand jury into open court *123 a true bill. The record upon this point is in the words and figures following:—
“The grand jury came into open court and filed an indictment against Harrison Bennett for forgery, in the words and figures following, to wit,” (here the indictment is inserted with its endorsements, among which is the following) “A true bill, Jacob Fite, foreman of the grand jury, 7th April, 1846.”
This according to the case of Calhoun vs. The State, 4th Humphreys, 477, is record evidence, that the bill of indictment upon which the prisoner was tried and convicted, was returned into open court by the grand jury, which found it, “a true bill.”
In that case the record is almost identical with this; it is in the words following—
“Tuesday, February 8, 1842. — The grand jury came into court under the care of their officer, and returned a bill of indictment against John H. Calhoun, which is in the words and figures following, viz: (here the bill of indictment against the prisoner for the murder of George T. Shoat, with the endorsements thereon is set forth.) “A true bill. Absalom Grant, foreman of the grand jury.”
The case is directly in point and settles this objection against the prisoner.
2d. It is contended that the order of the judge directing the attorney general to file the bill of indictment ex officio, is not sufficiently specific in its terms to have warranted this action of the attorney general: that it ought to have stated that no one would prosecute for the offence, which' it does not. The case of Simpson vs. The State, 4 Humphreys 456, in our opinion settles this objection against the prisoner.
In that case it was objected that the order under which the bill of indictment was filed, was informal and insufficient, because it did not show that witnesses had been examined touching the commission of .the offence before the order was made.
Upon this the court said, the statute prescribes the duty of *124 the circuit judge upon this subject, and the legal presumption is that it has been legally discharged.
We cannot presume that the circuit judge acted in disobedience of express legislative enactment; and we cannot require 'him to show by his records, that he has not violated the law in his orders, preparatory to the commencement and prosecution of suits either on the part of the state or individuals, involving matters of controversy over which he has a general and exclusive jurisdiction; it is sufficient if the contrary does not appear. “There is no difference in principle between a case which does not show that witnesses were examined before the order was made, and one which does not show that a prosecutor could be obtained: if we presumed the judge did his duty in the one, we must in the other.
3d. There are two counts in the bill of indictment. In the first, the inducement for the commission of the offence by the prisoner is charged to have been the execution of a receipt by him as constable to Willie Russell for divers claims against different individuals for collecting, against liability upon which the receipt forged was intended to protect him; andin this count this receipt is set forth in hcec verba, and there are slight variations, between it as thus set forth and the receipt read upon the trial. In the second count the same receipt is set forth as the inducement for the .forgery, but not in the words and figures and only according to its effect.
Upon the trial the reading of this receipt was objected to upon the ground of the variance between it and the description of it according to its tenor in the first count, and the motion was overruled, which was excepted to.
In this we think there was no error. Whatever might have been the validity of the objection, it is confined to the first count of the indictment, (about which we do not feel it necessary to give an opinion,) the receipt was clearly legal evidence upon the second, and the offence charged in both counts *125 being identical, with the exception that the receipt which constituted the inducement to commit the forgery is set forth in the first count according to its tenor; and in the second according to its effect, and the verdict of guilty being general the conviction would be good upon 'the second count though the evidence might not have been legally applicable upon the first. This different mode of charging, has for one of its objects the meeting of this very objection.
4th. It is objected the testimony did not warrant the verdict. We think otherwise; good character is only available in doubtful cases; here if the witnesses swore the truth there is no doubt of the prisoner’s guilt; of the. credibility of the witnesses the jury were the proper judges and the circuit judge was content with the finding.
We therefore think there is no error in the proceedings of the circuit court and affirm the judgment.
•INDICTMENT FOR FORGERY.
Bennett vs. State.
This day came the defendant by his attorneys, and for a further plea in this cause as to carrying into effect the judgment and sentence of this court, so far as the same relates to the confinement of the body of defendant in the jail and penitentiary of this state it ought not to be executed and put in force against him, because he says that since the rendition of the said judgment and sentence in said court at, to wit, in the county aforesaid, on the day of December, 1847, he was by his excellency, N. S. Brown, Governor of the State of Tennessee, fully pardoned and released of the said judgment so far as the same relates to the imprisonment aforesaid, which said pardon is in due form and attested and now here to the court shown; which he is ready to verify, wherefore he prays judgment &c. Stokes & Brien, Attorneys.
“Nett. S. Brown, Governor of the State of Tennessee, to all *126 who shall see these presents, and especially to the keeper of the penitentiary, greeting: Whereas, at the April term, 1846, of the circuit court for our county of DeKalb, Harrison Bennett was convicted of the crime of forgery, and sentenced to undergo confinement for the term of three years in the penitentiary, and which judgment has been affirmed by the supreme court now sitting.
And whereas, Harrison Bennett has been represented to me as a fit person for executive clemency.
Now, therefore, I, Neill S. Brows, Governor as aforesaid, by virtue of the power and authority in me vested, do hereby pardon the said Harrison Bennett of the said offence, so far as relates to the term of his imprisonment yet unexpired, but in no other way interfering with the judgment and sentence of said court; and I do further authorize and direct that the said Harrison Bennett be forthwith liberated and put at large.
In testimony whereof, I have hereunto set my hand, and caused the great seal of the State to be affixed at Nashville, on the 13th day of December, 1847.
By the Governor: N. S. BROWN.”
W. B. A. Ramsey, Secretary of State.
JUDGMENT.
And now came the said Harrison Bennett, and the attorney general for the state, and the council for said Bennett filed a plea of executive pardon since the affirmance of the judgment by this court, and which said plea verified by the said executive pardon, now here produced, being seen and fully understood, and the court being satisfied of the truth thereof, order and direct that the same be sustained. It is, therefore, considered by the court, that the said Harrison Bennett be discharged from the judgment of the court heretofore rendered, so far as his confinement in the jail and penitentiary house for three years is ordered, upon condition, that he pay, or secure to be paid, the costs of this prosecution.